CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162
Fax (760) 480-4170

Attorney for Plaintiff, RICHARD ELLIOT IRVIN

IN THE UNIITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ELLIOT IRVIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>24 HOUR FITNESS, USA, INC., A California Corporation, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE<br><br>**DEMAND FOR JURY** |

　　　　Plaintiff RICHARD ELLIOT IRVIN complains of Defendants 24 HOUR FITNESS, USA, INC., A California Corporation, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION:**

　　　　**1.** This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for failure to remove architectural barriers structural in nature at Defendants' Fitness Facility located at 1519 Gateway Blvd., Fairfield, California, a place of public accommodation, thereby discriminatorily denying Plaintiff and the class of other similarly situated persons with

-1-

Complaint

physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

**2.**  Plaintiff seeks injunctive relief and damages for violations of civil rights and for damages flowing from such violations.

**JURISDICTION AND VENUE:**

**3. Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.  Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

**4.  Venue:** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the improved real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

**PARTIES:**

**5.** Plaintiff is a California resident with physical disabilities.  He suffers from a number of debilitating disabilities including crippling arthritis, cardio vascular disease, musculature weakness, and diabetes. He requires a number of mobility aids including walker, transport cane, and transport chair.

**6.** Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Fitness Facility located at 1519 Gateway Blvd., Fairfield, California.

**7.** Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants.  Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for

obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained

**FACTUAL ALLEGATIONS:**

**8.** The Plaintiff has been and continues to be a patron of the Fitness Facility.

**9.** The Fitness Facility is a facility open to the public, a place of public accommodation, and a business establishment.

**10.** Unfortunately, the Fitness Facility presents barriers to persons in wheelchairs, violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, there is a failure to maintain in good working condition the lift which is required for patrons with disabilities to enter and leave the pool. Furthermore, as persons who own and operate a place of public accommodation, the Defendants are required to provide a wheelchair accessible shower.  To the extent that the Defendants have a wheelchair accessible shower, they are required to maintain it in a useable and accessible manner so that it is readily useable by wheelchair patrons.  Under the ADA, it is deemed an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures where such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities unless the entity can demonstrate that making such modifications will fundamentally alter the nature of such goods, services, facilities, etc.  In the present case, the Defendant has failed to modify its practices or procedures regarding the use of the wheelchair shower – despite requests by the Plaintiff -- although it was necessary for Plaintiff to enjoy the facilities on a full and equal basis.

**11.** Naturally, Plaintiff IRVIN is frustrated, angry and/or vexed as a result of encountering unlawful conditions, violations of his civil rights, and the lack of safe, convenient and accessible facilities.  Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the

continued violation of the Plaintiff's civil rights by these defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the defendants and plaintiff seeks redress from these Defendants for such injury.

**12.** Plaintiff would like to be able to patronize the Defendants' Fitness Facility on a "full and equal" basis, but cannot due so until the Fitness Facility is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein.  Plaintiff has been and currently is being deterred from patronizing the Defendants' Fitness Facility on a full and equal basis.

**I.     FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42 U.S.C. section 12101, et seq.)

**13.**  The defendants are persons who either own, operate, lease or lease to a place of public accommodation.  As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable."  The Defendants have failed to meet these obligations.  The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there is a failure to maintain in good working condition the lift which is required for patrons with disabilities to enter and leave the pool. Furthermore, as persons who own and operate a place of public accommodation, the Defendants are required to provide a wheelchair accessible shower.  To the extent that the Defendants have a wheelchair accessible shower, they are required to maintain it in a useable and accessible manner so that it is readily useable by wheelchair patrons.  Under the ADA, it is deemed an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures where such modifications are necessary to afford such

goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities unless the entity can demonstrate that making such modifications will fundamentally alter the nature of such goods, services, facilities, etc.  In the present case, the Defendant has failed to modify its practices or procedures regarding the use of the wheelchair shower – despite requests by the Plaintiff -- although it was necessary for Plaintiff to enjoy the facilities on a full and equal basis. The existence of these barriers are unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**II.       SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

**14.**  The defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment.  As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable."  The Defendants have failed to meet these obligations.  The Defendants intended the physical and architectural condition of their property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there is a failure to maintain in good working condition the lift which is required for patrons with disabilities to enter and leave the pool. Furthermore, as persons who own and operate a place of public accommodation, the Defendants are required to provide a wheelchair accessible shower.  To the extent that the Defendants have a wheelchair accessible shower, they are required to maintain it in a useable and accessible manner so that it is readily useable by wheelchair patrons.  Under the ADA, it is deemed an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures where such modifications are necessary to afford such goods, services, facilities, privileges,

advantages or accommodations to individuals with disabilities unless the entity can demonstrate that making such modifications will fundamentally alter the nature of such goods, services, facilities, etc.  In the present case, the Defendant has failed to modify its practices or procedures regarding the use of the wheelchair shower – despite requests by the Plaintiff -- although it was necessary for Plaintiff to enjoy the facilities on a full and equal basis. The existence of these barriers are unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**15.** The acts alleged above, which form the basis of the Plaintiff's discrimination claim, are intentional acts.

**III.   THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

**16.** The defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public.  As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable."  The Defendants have failed to meet these obligations.  The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there is a failure to maintain in good working condition the lift which is required for patrons with disabilities to enter and leave the pool. Furthermore, as persons who own and operate a place of public accommodation, the Defendants are required to provide a wheelchair accessible shower.  To the extent that the Defendants have a wheelchair accessible shower, they are required to maintain it in a useable and accessible manner so that it is readily useable by wheelchair patrons.  Under the ADA, it is deemed an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures where

such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities unless the entity can demonstrate that making such modifications will fundamentally alter the nature of such goods, services, facilities, etc.  In the present case, the Defendant has failed to modify its practices or procedures regarding the use of the wheelchair shower – despite requests by the Plaintiff -- although it was necessary for Plaintiff to enjoy the facilities on a full and equal basis. The existence of these barriers are unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**IV.     FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

**17.** The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff in the running of their Fitness Facility.  Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

**1.**  For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.  **Note**:  the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

**2.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A Defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the Plaintiff will make an election at trial depending upon the evidence amassed.

**3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: May 6, 2008          CENTER FOR DISABILITY ACCESS, LLP


                            By:   /s/ Mark D. Potter
                                  MARK D. POTTER
                                  Attorneys for Plaintiff


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: May 6, 2008          CENTER FOR DISABILITY ACCESS, LLP


                            By:   /s/ Mark D. Potter
                                  MARK D. POTTER
                                  Attorneys for Plaintiff